Patricia Alexandra Coral **HERRERA,**
Petitioner,

v.

John **ASHCROFT, Attorney General, Respondent.**

No. 02–72631.

United States Court of Appeals,
Ninth Circuit.

Submitted March 31, 2004.*

Decided April 30, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sergei Shevchenko, Esq., Barshev, P.C., Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., Richard M. Evans, Esq., Susan Houser, Esq., Washington, DC, for Respondent.

Before: PREGERSON, BEEZER, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Petitioner Patricia Coral Herrera seeks review of the BIA's denial of her request for asylum and withholding of removal. In support of her claim, petitioner alleged, among other things, that she was the victim of an attempted kidnaping and that she received threatening phone calls–both of which were apparently related to her engagement to a police officer, Lieutenant Guido Sanchez. Lieutenant Sanchez fought against guerillas in areas of Colombia that had a significant guerilla presence. Petitioner also testified that her family's chauffeur was murdered and that her uncle disappeared. Further, petitioner testified that her father came upon burglars in their house and chased them away, and that later the burglars apparently called and threatened to kill him.

The IJ found that petitioner was not persecuted by guerrillas in Colombia. In reaching this conclusion, the IJ stated that there was no indication as to the identities of the persons who called petitioner and threatened to kill or otherwise harm her in retaliation for her then-fiancé's police activities. However, the IJ apparently misunderstood or ignored petitioner's testimony at the hearing and her statement in her written application that the threats came from the ELN, a guerrilla group. Petitioner clearly testified that she received threats from the ELN that referred to Lieutenant Sanchez and were based on her association with him. This disregarded evidence, coupled with the references to Lieutenant Sanchez during the attempted kidnaping, provides substantial support for the conclusion that petitioner was persecuted on account of imputed political opinion based on her relationship to her fiancé. The IJ's error goes straight to the heart of petitioner's claim. See Lin v. Ashcroft, 356 F.3d 1027, 1042 (9th Cir.2004).

The IJ concluded that because petitioner is no longer engaged to Lieutenant Sanchez, petitioner would be free to move to another part of Colombia and "live a relatively normal life." The IJ failed to credit petitioner's testimony that even if she relocated within Colombia the guerillas would still be able to find her because guerillas in different areas of the country communicate with each other. The IJ also failed to acknowledge petitioner's statement that if she returned to Colombia, the guerillas might not realize that she is no longer engaged to Lieutenant Sanchez. Petitioner testified that even if the guerillas realized that she was no longer engaged to Lieutenant Sanchez, her prior association with him would cause her to be still "looked upon as a military objective." The IJ's conclusion is not based on evidence in the record but rather on personal conjec-

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ture regarding the strategies used by guerilla organizations in Colombia. *See Damon v. Ashcroft*, 360 F.3d 1084, 1089 (9th Cir.2004).

Petitioner's arguments regarding the BIA's decision to affirm without opinion are foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

PETITION GRANTED. REMANDED.[1]

---

1. The IJ found that petitioner was not eligible for relief under the Convention Against Torture ("CAT"). Petitioner does not challenge that finding in her brief. The CAT claim is therefore waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

